JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DAVIS RAYNES, individually and on behalf of the PATRICIA DAVIS RAYNES REVOCABLE TRUST, | CASE NO.: CV 05-6740 ABC (CTx) |
| | **ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER** |
| Plaintiff, | |
| v. | |
| MARVIN DAVIS, et al., | |
| Defendants, | |

    Pending before the Court is Plaintiff's Motion to Transfer Venue ("Motion"), filed on July 2, 2007.  Defendants Leonard Silverstein ("Silverstein") and Buchanan Ingersoll & Rooney PC ("BIPC") filed an Opposition on July 9, 2007.  Plaintiff filed a Reply on July 16, 2007. Hearing on the Motion was continued several times at the parties' request and due to Court congestion.  The Court found the Motion appropriate for determination without oral argument, and took it under submission.  See Fed. R. Civ. P. 78; Local Rule 7.11.  Upon consideration of the parties' submissions and the case file, the Court

1  hereby GRANTS Plaintiff's Motion to Transfer.

2

3                        **I.   BACKGROUND**

4       Plaintiff Patricia Davis Raynes filed this action in the Central

5  District of California against fourteen individual and corporate

6  defendants in September 2005.  Ten of those fourteen defendants were

7  residents of California.  Plaintiff has since settled with all of the

8  California defendants, leaving only herself, Silverstein, and BIPC as

9  parties.  Plaintiff is a resident of New York; Silverstein is a

10 resident of Maryland; and BIPC is a Pennsylvania defendant.

11      In December 2006, Plaintiff filed a separate action against

12 Silverstein and BIPC in the Southern District of New York.  Plaintiff

13 contends that she filed the New York action because of the state of

14 her settlement negotiations with certain California defendants in this

15 action, and because of certain other defendants' challenges to this

16 Court's jurisdiction.  The parties in the New York case – who are the

17 same as the parties remaining in this case – agreed that there would

18 be no further proceedings in New York until this Court decides in

19 which forum the action should proceed.

20      Now that Plaintiff and the California parties in this case have

21 settled, Plaintiff contends that the case should be transferred to the

22 Southern District of New York for the convenience of the remaining

23 parties, who are all residents of the East Coast.  Furthermore,

24 Plaintiff contends that none of the non-party witnesses resides in

25 California; that 17 of the 81 potential witnesses live in New York,

26 Washington, D.C., and Pennsylvania; and that all of the depositions

27 that have been noticed to date will occur in New York City,

28 Pittsburgh, and Washington, D.C.  Plaintiff also argues that this

district's docket congestion counsels in favor of transfer to the
Southern District of New York.

Defendants oppose the transfer on several grounds.  Defendants
argue that Plaintiff's request for transfer amounts to forum shopping
and should be denied.  Defendants also argue that the trust agreements
relevant to this action were executed in California, that the
governing law is California law, that "the factual center of gravity
underlying Plaintiff's litigation is California," and that this
Court's compulsory process will ensure the attendance of non-party
witnesses at trial.  (Defs' Opp'n. 1:8-16.)


## II.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of
justice, a district court may transfer any civil matter to any other
district or division where it might have been brought."  28 U.S.C. §
1404(a).  A motion for transfer lies within the broad discretion of
the district court, and must be determined on an individualized basis.
Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  In
order to succeed on a motion to transfer venue, the moving party must
show that the forum to which they seek transfer is a forum in which
the action originally might have been brought.  See Hoffman v. Blaski,
363 U.S. 335, 344 (1960).

In resolving a motion to transfer, courts consider three main
factors: (1) the convenience of the parties; (2) the convenience of
the witnesses; and (3) the interests of justice.  See Guthy-Renker
Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 269
(C.D. Cal. 1998) (citing Arley v. United Pac. Ins. Co., 379 F.2d 183,
185 (9th Cir. 1969)).  Under these three main factors, courts also

1  consider the following sub-factors: (1) the plaintiff's choice of

2  forum; (2) the location where the events at issue took place; (3) the

3  differences in the costs of litigation in the two forums; (4) the

4  respective parties' contacts with the forum; (5) the contacts relating

5  to the plaintiffs cause of action in the chosen forum; (6) any local

6  interest in the controversy; (7) the ease of access to sources of

7  proof; (8) the availability of compulsory process to compel attendance

8  of unwilling non-party witnesses; and (9) the state that is most

9  familiar with the governing law.  <u>See</u> <u>Jones</u>, 211 F.3d at 498-99; <u>see</u>

10 <u>also</u> <u>Geo. F. Martin Company v. Royal Insurance Company of America</u>, No.

11 C03-5859 SI., 2004 WL 1125048, at *2 (N.D. Cal. May. 14, 2004).  The

12 moving party bears the burden of demonstrating that transfer is

13 appropriate.  <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d

14 270, 279 (9th Cir. 1979).

15

16                           **III. DISCUSSION**

17      Plaintiff has shown – and Defendants do not disagree – that the

18 Southern District of New York is a proper venue for this action.  <u>See</u>

19 Mot. 7:6-8:1.  This threshold element is therefore satisfied.  Having

20 considered the factors relevant to the Court's exercise of discretion,

21 the Court finds that, on balance, the convenience of the parties and

22 witnesses and the interest of justice weigh in favor of transferring

23 this case to the Southern District of New York.

24      **A. Convenience of Parties**

25      The first factor the court considers is the convenience of the

26 parties.  While a plaintiff's choice of forum is generally accorded

27 substantial weight in proceedings under § 1404(a), that choice is not

28 dispositive.  <u>Pacific Car and Foundry Co. V. Pence</u>, 403 F.2d 949, 954

                                    4

(9th Cir. 1968).  Likewise, the plaintiff's residence is not
determinative where all other operative facts giving rise to the
litigation occurred elsewhere.  Schmidt v. American Institute of
Physics, 322 F. Supp.2d 28, 33 (D.C. Cir. 2004).  Indeed, if the
operative facts did not occur within the forum of original selection
and that forum has no particular interest in the parties or the
subject matter, the plaintiff's choice of forum will be given
considerably less weight.  Geo. F. Martin Company, 2004 WL 1125048, at
*2.  In assessing the convenience of the parties, courts also consider
the relative means of the parties.  Dwyer v. General Motors Corp., 853
F. Supp. 690, 693 (S.D.N.Y. 1994).

　　Here, although Plaintiff initially chose the Central District of
California as her preferred forum, she now prefers the Southern
District of New York.  Thus, Plaintiff's choice of forum counsels in
favor of transfer.[1]  In addition, none of the remaining parties is a
California resident; in fact, as residents of New York, Maryland, and
Pennsylvania, they are all in far greater proximity to the Southern
District of New York than they are to the Central District of
California.  Furthermore, the Complaint recites specific claims based
on events that occurred in New York.  For example, the Complaint
alleges that Defendant Silverstein made false representations to
Plaintiff while they were in New York.  (Compl. ¶¶ 103-106, 110.)  In

---

[1]  Under the facts of this case, the Court will not give
Plaintiff's current choice of forum any less weight simply
because her initial choice of forum differed.  In addition, the
Court has considered, but is not persuaded by, Defendants' charge
that Plaintiff is merely forum shopping.  As discussed in this
Order, there are a number of factors showing that transfer to New
York would serve the parties' convenience for reasons unrelated
to this Court's previous decisions.

1    addition, for a period of approximately 15 years of the alleged

2    misconduct, Plaintiff was a resident of New York and thus suffered

3    harm there.  Although some of the alleged misconduct took place in

4    California, there are significant allegations of misconduct and damage

5    in New York.  In addition, the Defendants have not filed responsive

6    pleadings in either the California or New York action, and would,

7    therefore, suffer no loss or prejudice should the action be

8    transferred to New York.  Because no party has taken a position on the

9    comparative costs of litigation in each forum, the Court concludes

10   that that subfactor is neutral.  Defendants does not dispute

11   Plaintiff's argument that a change of venue would have no impact on

12   the parties' abilities to access documentary evidence.  Accordingly,

13   the convenience of the parties militates strongly in favor of

14   transfer.

15        **B. Convenience of Witnesses**

16        Convenience of witnesses is an important factor in determining

17   whether or not to transfer a given case.  The court considers not only

18   the number of witnesses located in the respective districts, but also

19   the nature and quality of their testimony, as it relates to the issues

20   in the case.  Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc.,

21   42 F. Supp. 2d 628, 639-640 (N.D. Miss. 1999).

22        In balancing the convenience of the witnesses, courts give

23   primary consideration to non-party witnesses, as opposed to witnesses

24   who are employees of a party to the litigation.  Queentex Enterprises,

25   Inc. v. Sara Lee Corp., 2000 WL 246599, at *5 (N.D. Cal. Mar. 1,

26   2000).  Though not weighted as heavily as non-party witnesses, party

27   witnesses are nevertheless accorded consideration in the court's

28   balancing of the convenience of witnesses.  See Queentex Enterprises,

1  <u>Inc.</u>, 2000 WL 246599, at *5.  Additionally, in assessing the
2  convenience of the witnesses, the court considers not just the
3  witnesses involved in the original complaint, but all the witnesses.
4  <u>See</u> <u>In re Volkswagen AG</u>, 371 F.3d 201, 204 (5th Cir. 2004) (holding
5  that the term "parties" in § 1404(a) covers parties in all claims
6  properly joined in a proceeding and considering the third party
7  defendants' convenience in assessing the convenience of the parties).

8       Here, the convenience of witnesses is equivocal.  Defendants
9  argue that many third-party witnesses reside in California.  Indeed,
10 by Plaintiff's own count, 33 of the 62 third-party witnesses reside in
11 California, and 11 of them reside in New York.  (Norton Decl. Exh. E.)
12 However, the relative significance of these potential witness'
13 testimony is not at all clear from the parties' papers.  Indeed, by
14 Plaintiff's count, Defendant's Rule 26 disclosure identifies
15 approximately 8 non-party witnesses who reside in New York, and
16 approximately 9 non-party witnesses who reside in California.  (Norton
17 Decl. Exh. G.)  Although approximately half of the Davis family
18 resides in California, Defendant has not sufficiently explained how
19 these witnesses are more important than the other non-party witnesses
20 residing elsewhere such that their residence should be accorded great
21 weight.  Indeed, all of the Davis family defendants have already
22 settled with Plaintiff.  The extent to which those persons who were
23 once Defendants, but with whom Plaintiff has settled, would be
24 material witnesses with respect to Plaintiff's case against
25 Silverstein and BIPC has not been explained with any clarity.
26 Furthermore, as stated above, the Complaint recites specific claims
27 based on events that occurred in New York.  (<u>See</u> Compl. ¶¶ 103-106,
28 110.)  Indeed, the New York Complaint, which consists solely of

1  Plaintiff's claims against Silverstein and BIPC and is therefore not

2  cluttered by now-extraneous allegations against persons who are no

3  longer Defendants, claims that Silverstein and BIPC breached duties

4  owed to Plaintiff, committed fraud, and aided and abetted and

5  conspired with Marvin Davis.  (New York Compl. ¶¶ 74-78, 96-95.)

6  These claims do not necessarily implicate as witnesses all of the now-

7  settled California defendants.  By contrast, none of the party

8  witnesses resides in California, and two of them reside in New York.

9  Given this showing, neither forum is substantially more convenient

10 than the other for witnesses.

11 **C. Interest of Justice**

12      The final factor courts consider is whether transfer will serve

13 the interest of justice.  A section 1404(a) transfer serves to

14 "'prevent the waste of time, energy, and money' and 'to protect

15 litigants, witnesses and the public against unnecessary inconvenience

16 and expense.'"  <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964) (citing

17 <u>Continental Grain Co. v. The FBL-585</u>, 364 U.S. 19, 26-27 (1960)).

18      Although Defendants argue that California has a far greater

19 interest in the controversy than New York does, that argument is

20 belied by the allegations of misconduct and harm occurring in New

21 York.  In addition, a number of agreements relating to the relevant

22 trust were allegedly signed in New York, and certain of Defendants'

23 duties to Plaintiff arose out of New York contacts.  Furthermore, all

24 California defendants have been dismissed from this case.  Thus, the

25 relative interests of each forum does not greatly favor either one.

26      Second, the extent to which either New York law or California law

27 would govern the claims is unsettled.  Although the 1990 trust

28 agreement contains a choice-of-law clause stating that the trust would

be governed by California law, that does not absolutely decide the question.  Because some of the alleged misconduct took place in New York, it is possible that New York law may apply.  However, California choice-of-law rules would govern the case should it be transferred to New York.  Thus, this factor weighs slightly against transfer.

As discussed above, ease of access to documentary proof is a neutral factor.

Ease of access to testimony and the availability of compulsory process weigh slightly against transfer.  Under Federal Rules of Procedure 45(c)(3)(A)(ii), a non-party witness may not be compelled to testify at trial if he or she lives more than 100 miles from the trial court.  Although alternatives to live testimony, such as videotaped depositions, are available, live testimony is nevertheless preferable.  Indeed, one of the aims of section 1404(a) is to avoid "trial by deposition."  SEC v. Kasirer, 2005 WL 645246, at *3 (N.D. Ill. Mar. 21, 2005).  As stated above, there are 62 non-party witnesses, and of these, 33 are California residents and 11 are New York residents.  However, also as stated above, the relative importance of these persons' potential testimony is not apparent, especially because the scope of Plaintiff's Complaint is narrowed to only the two remaining named Defendants.  Furthermore, there has been no showing that important non-party witnesses would be "unwilling" to testify at trial wherever it is held.  Accordingly, although this factor weighs against transfer, the Court will not accord it great weight.

"Relative court congestion is, at best, a minor factor in the section 1404 calculus."  Queentex, 2000 WL 246599, at *8.  The evidence presented by both sides is not persuasive that one forum is substantially more congested than the other.  This factor is therefore

9

1   neutral.

2      In sum, while some of the sub-factors for the motion to transfer

3   are neutral or weigh slightly against transfer, and the convenience of

4   the witnesses is neutral, the convenience of the parties weighs

5   heavily in favor of transfer.

6

7                              **IV.   CONCLUSION**

8      For the reasons stated above, the Court finds that transfer of

9   venue to the Southern District of New York is appropriate in this

10  case.   The Court therefore GRANTS Defendants' Motion to Transfer

11  pursuant to 28 U.S.C. § 1404(a), and ORDERS the clerk to transfer the

12  case from the Central District of California to the Southern District

13  of New York.

14

15  **IT IS SO ORDERED.**

16

17

18  **DATED:     November 19, 2007**

19

20

21

22   _____

23                    **AUDREY B. COLLINS**
                   **UNITED STATES DISTRICT JUDGE**

24

25

26

27

28